## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03028-JLK

M.A.K.,

     Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

     Defendant.

---

## MEMORANDUM DECISION ON APPEAL

---

Kane, J.

     Plaintiff M.A.K.[1] challenges the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), denying his application for Supplemental Security Income ("SSI"). The denial was affirmed by an administrative law judge ("ALJ"), who ruled that M.A.K. is not disabled within the meaning of the Social Security Act and therefore not entitled to SSI benefits. This appeal followed.

     The ALJ's decision is reversed, and this case is remanded to the Commissioner for an immediate award of benefits.

## I.     BACKGROUND

     M.A.K. was born in 1962. He was 55 years old on the alleged disability onset date.

---

[1] The Local Rules provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiffs by initials only." D.C.COLO.LAPR 5.2(b). Accordingly, I refer to Plaintiff using his initials only.

Administrative Record ("AR") 30.[2] M.A.K. has a high school education, with an employment history in the trucking industry. AR 418–19.

M.A.K. applied for SSI benefits on June 23, 2017, alleging disability due to the following conditions: chronic obstructive pulmonary disease ("COPD"), low movement in his right wrist, and bronchitis, with an onset date of April 19, 2017. AR 174, 417–18. His application was denied on August 31, 2017. AR 174. After the denial, M.A.K. requested a hearing and appeared in front of an ALJ. *Id.* The ALJ issued his first unfavorable decision on March 13, 2019. AR 174–85.

After the ALJ issued the unfavorable decision, M.A.K. appealed to the Appeals Council. The Appeals Council remanded the case to the ALJ on the grounds that the occupations upon which the ALJ based his decision were unsuitable for an individual with M.A.K.'s residual functional capacity. AR 190–93.

Upon remand, the ALJ held a telephonic hearing on April 14, 2021. AR 19. On May 7, 2021, the ALJ issued another unfavorable decision. AR 19–32. The ALJ determined that M.A.K. has the following severe impairments: (1) COPD; (2) status post left wrist fracture with open reduction and internal fixation from a September 8, 2017 accident; (3) a compression fracture of his L1 vertebra from a September 8, 2017 accident; (4) bilateral wrist soreness with onset before September 8, 2017; (5) osteoarthritis of the left knee; and (6) obesity. AR 22.

The ALJ accepted that these severe impairments significantly limit M.A.K.'s ability to perform basic work activities. *Id.* However, the ALJ also determined that M.A.K. "does not have an impairment or combination of impairments that meets or medically equals the severity of one

---

[2] The Administrative Record in this case is located at ECF No. 8, including subparts 1 through 11.

of the listed impairments." AR 22. Based on his evaluation of the record, the ALJ concluded that

M.A.K. had the residual functional capacity to perform medium work" with certain limitations

and could still perform his past relevant work as a truck driver. AR 24, 30.

Following the ALJ's second unfavorable decision, the Appeals Council declined review

without explanation. AR 1–6. This appeal followed. M.A.K. raises five issues on appeal. ECF

Nos. 14, 16. First, M.A.K. argues that the ALJ failed to consider whether his COPD met a

listing. Specifically, M.A.K. argues that the ALJ failed to consider his impairments under Listing

3.02, and therefore argues that an immediate award of benefits is appropriate based on the

record. Second, M.A.K. argues that the ALJ failed to resolve conflicts within the vocational

evidence as required by law and in violation of the Appeals Council remand order. Next, M.A.K.

argues that the ALJ failed to evaluate all the medical impairments in the record. Finally, M.A.K.

makes constitutional and statutory arguments, alleging that the ALJ and Appeals Council had no

legal authority to adjudicate his claims because they were not properly appointed.

In response, the Commissioner insists that the ALJ properly considered the entire

evidentiary record—and followed the applicable law—in determining that M.A.K. is not

disabled. Therefore, the Commissioner maintains that neither remand nor an immediate award of

benefits is required. The Commissioner also argues that remand is not appropriate on

Constitutional or statutory procedural grounds. ECF No. 15.

## II.    STANDARD OF REVIEW

My review of the ALJ's decision is limited to whether the decision is in accordance with

the law and whether the findings are supported by substantial evidence in the record. *Wall v.*

*Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). Substantial evidence requires "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005) (citation omitted). A court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). However, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.   ANALYSIS

M.A.K.'s appeal presents both constitutional and statutory challenges to the ALJ's decision, arguing that the ALJ's decision cannot stand because of defects in the appointment process. Separately, M.A.K.'s appeal presents a substantive challenge to the ALJ's decision. Because the constitutional and statutory challenges could resolve M.A.K.'s appeal, I first address the constitutional and statutory challenges before turning to the substantive challenge.

## A.   The ALJ and Appeals Council Had Legal Authority to Adjudicate the Claim

M.A.K. argues that the ALJ's decision cannot stand for two reasons related to appointment of the ALJ and Appeals Council. Specifically, M.A.K. asserts that: (1) the ALJ and Appeals Council lacked the constitutional authority to consider his claim; and (2) at the time the ALJ's decision was rendered, the Commissioner's service as Acting Commissioner was invalid under the Federal Vacancy Reform Act ("FVRA") and, therefore, the ALJ's appointment was

not proper. ECF No. 10 at 19–22.

As an initial matter, M.A.K. did not allege these constitutional and statutory defects in his Complaint (ECF No. 1), which is just two paragraphs long. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 is designed to give a defendant "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nascious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). M.A.K. has thus waived these arguments. *See, e.g.*, *C.L.D. v. Kijakazi*, No. 21-cv-02216-NYW, 2022 WL 4448481, at *6 (D. Colo. Sept. 23, 2022) (noting that raising the same issue in briefing for the first time is insufficient to avoid waiver of constitutional and procedural arguments); *see also L.J. v. Kijakazi*, No. 21-cv-01066-REB, 2021 WL 6125398, at *3 (D. Colo. Dec. 28, 2021) (same). Regardless, even if M.A.K. has not waived these arguments, they fail on the merits.

### 1.   *Constitutionality of ALJ and Appeals Council Decision*

First, M.A.K. contends, pursuant to *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020), that the ALJ and Appeals Council lacked authority to render a decision on his claim for benefits. In *Seila*, the Supreme Court analyzed separation of power and appointment of the head of the Consumer Financial Protection Bureau. The Court held that because the executive power under Article II of the Constitution belongs wholly and exclusively to the President, he retains ultimate responsibility for its use by any inferior officers to whom he delegates that power. *Id.* at 2203–04. Thus, limitations on the President's authority to remove inferior officers exercising such delegated authority impermissibly interfere with his "active obligation to supervise" those officers. *Id.* at 2203.

M.A.K. seeks to extend *Seila* to the Social Security Administration and argues that the President's inability to remove the Commissioner at will under 42 U.S.C. § 902(a)(3) violates separation-of-power constitutional principles, invalidating the administrative law judges and Appeals Council appointed by that Commissioner. ECF No. 10 at 19–22. The Commissioner and Department of Justice concede that the removal provision contained in § 902(a)(3) is unconstitutional. ECF No. 15 at 20–25.

However, despite all parties agreeing that the removal portion of § 902(a)(3) is unconstitutional in the wake of *Seila*, the Commissioner correctly asserts that M.A.K. is not entitled to remand on this basis alone. Rather, the United States Supreme Court later clarified post-*Seila* that "the unlawfulness of the removal provision does not strip the [Commissioner] of the power to undertake the other responsibilities of [the] office." *Collins v. Yellen*, 141 S. Ct. 1761, 1788 n.23 (2021). Moreover, M.A.K. cannot prevail on his argument unless he can demonstrate that the unconstitutional removal provision caused the harms he alleges. *Id.* at 1788–89. As courts in this District and around the country have repeatedly found, "the unconstitutional removal provision has no causal nexus to the resolution of [Plaintiff's] appeal." *C.L.D.*, 2022 WL 4448481, at *6 (citing *B.Z. v. Kijakazi*, No. 21-cv-01087-REB, 2022 WL 179335, at *4 (D. Colo. Jan. 20, 2022) and *L.J.*, 2021 WL 6125398, at *4). The same is true here. M.A.K. has not demonstrated that the unconstitutionality of § 902(a)(3) has a connection to the denial of his benefits. Thus, the unconstitutionality of § 902(a)(3) does not require remand in this case.

### 2.   *The ALJ Was Properly Appointed*

Second, and relatedly, M.A.K. argues that former Acting Commissioner Nancy Berryhill

did not have the power to appoint the ALJ who adjudicated his case. That is, M.A.K. asserts that under the FVRA, Ms. Berryhill's authority as Acting Commissioner ended before she ratified the appointment of the ALJ in M.A.K.'s case. ECF No. 10 at 21–22.

The parties generally agree on the timing of Ms. Berryhill's service as Acting Commissioner and her appointment of the ALJ in this case. The district court's discussion in *Mia S. v. Kijakazi*, No. 21-cv-439, 2022 WL 3577023 (D. Neb. Aug. 19, 2022) is instructive and outlines the dates of Ms. Berryhill's service:

> When former Acting Commissioner Carolyn Colvin resigned upon the inauguration of President Trump, Berryhill, the Deputy Commissioner for Operations, became the next Acting Commissioner of the [Social Security Administration] by virtue of President Obama's December 2016 memorandum establishing an order of succession for Social Security officials to become Acting Commissioners under the FVRA. On March 6, 2018, Berryhill temporarily stepped down as Acting Commissioner. Once President Trump nominated Andrew Saul as the Commissioner of Social Security on April 17, 2018, Berryhill resumed her role as Acting Commissioner while Saul's nomination was pending.

*Id.* at *13 (citations omitted). During this second term as Acting Commissioner, Ms. Berryhill appointed the ALJ who adjudicated M.A.K.'s case. *Id.*; *see also* ECF Nos. 10 at 9–10.

According to M.A.K., the FVRA did not allow Ms. Berryhill to resume her role as Acting Commissioner. I disagree. The FVRA contains a "spring-back" provision that enabled Ms. Berryhill to resume her role as Acting Commissioner as of the date that Andrew Saul was nominated for Commissioner in April 2018. *See* 5 U.S.C. § 3346(a)(2) (once a first or second nomination for the office is submitted to the Senate, an acting officer may serve from the date of such nomination for the period the nomination is pending in the Senate); *see also Bauer v. Kijakazi*, No. 21-cv-2008-KEM, 2022 WL 2918917, at *4 (N.D. Iowa July 25, 2022) (collecting cases); *Brooks v. Kijakazi*, No. 21-cv-609-LPA, 2022 WL 2834345, at *14–23 (M.D.N.C. July 20, 2022) (examining legislative history of FVRA).

M.A.K. argues that the FVRA does not contain a "spring-back" provision. ECF No. 10 at 22. M.A.K. relies primarily on the decision in *Brian T. D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022) wherein the district court rejected the idea of a spring-back provision. However, the vast majority of courts have rejected the analysis set forth in *Brian T. D.*, and I do so here as well. The plain language of 5 U.S.C. § 3346(a)(2), as well as "the FVRA's legislative history, caselaw [sic] interpreting Section 3346(a)(2), and interpretations of that Section from the DOJ and the GAO all support the interpretation of Section 3346(a)(2) as a spring-back provision." *Brooks*, 2022 WL 2834345, at *23. Accordingly, the ALJ's appointment was not in violation of the FVRA, and M.A.K. is not entitled to remand on this basis either.

**B.     The ALJ Failed to Consider M.A.K.'s COPD at Step Three**

Next, I turn to M.A.K.'s substantive arguments. In evaluating disability, the Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step process). Should the ALJ find at any step that the claimant is not disabled, the process need go no further. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof regarding the first four steps, and the Commissioner must satisfy the fifth. *Grogan*, 399 F.3d at 1261.

At step one, the ALJ must find that the claimant is not engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ must deem the claimed impairment to be severe, medically determinable, and of sufficient duration. *Id*. § 416.920(a)(4)(ii). At step three, the ALJ will consider whether the claimant's impairment meets or equals in severity one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and if it does, the ALJ will find the

claimant to be disabled. *Id.* § 416.920(a)(4)(iii). Otherwise, the ALJ will determine a claimant's

residual functional capacity ("RFC") and then move on to the fourth step at which the ALJ must

find, based on that RFC, that the claimant cannot perform any of his past relevant work. *Id.*

§ 416.920(a)(4)(iv).  Finally, at step five, the Commissioner has the burden of showing that the

claimant's RFC, age, education, and work experience would allow him to adjust to other work. *Id.*

§ 416.920(a)(4)(v). If the Commissioner cannot make such a showing, the claimant must be found

to be disabled. *Id.*

 M.A.K. argues that the ALJ erred by failing to consider his COPD diagnosis at step three.

ECF No. 10 at 3–10. Specifically, M.A.K. notes that the ALJ considered whether his impairments

met listings related to musculoskeletal impairments, but there is no evidence that the ALJ even

considered listings related to M.A.K.'s severe pulmonary impairments. I agree.

 At step three, the ALJ must equate the claimant's severe impairment to one of a number of

listed impairments. 20 C.F.R. § 404.1520(d). These listed impairments describe various illnesses

and injuries that prevent a claimant from engaging in any gainful activity. *Davidson v. Sec'y of

Health and Human Servs.*, 912 F.2d 1246, 1251–52 (10th Cir. 1990). It is not an exhaustive list,

and the ALJ must compare any unlisted impairments with "closely analogous listed impairments."

20 C.F.R. § 404.1526(b)(2). Thus, if the record indicates that the claimant exhibited signs of the

impairments the ALJ found severe, the failure to consider the applicability of listed or closely

analogous listed impairments results in a legal error. *Wall*, 561 F.3d at 1062; *see also Murdock v.

Astrue*, 458 F. App'x 702, 705 (10th Cir. 2012) (finding the ALJ erred by failing to discuss

whether a severe impairment met a listing at step three).

 Here, the ALJ specifically determined M.A.K.'s impairment of COPD to be severe. AR

22. However, the ALJ failed to compare this severe impairment to medically equivalent listings.

Thus, the ALJ's determination that M.A.K. does not have an impairment that meets a listing is a "bare conclusion . . . beyond meaningful judicial review." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The failure to discuss all of M.A.K.'s severe impairments at step three is legal error. *See Murdock*, 458 F. App'x at 703; *see also Poole v. Berrhill*, No. 17-cv-02398-MEH, 2018 WL 3323165, at *7–8 (D. Colo. July 6, 2018) (remanding case where ALJ failed to consider severe impairment at step three).

In his briefing, M.A.K. contends that the ALJ was required to consider Listing 3.02 related to chronic respiratory disorders to determine if his COPD met a listing at step three. ECF No. 10 at 3–6. In response, the Commissioner argues M.A.K. cannot show his impairments meet Listing 3.02, and so the ALJ was not required to consider the listing and did not err. ECF No. 15 at 26–27.

The Commissioner's conclusion is flawed for two reasons. First, the ALJ is required to identify and discuss any potentially relevant listings. *Poole*, 2018 WL 3323165, at *7 n.1 (collecting cases). However, in this case, the ALJ did not discuss any potentially relevant listings related to M.A.K.'s COPD. The Commissioner's *post hoc* rationalization will not remedy the ALJ's failure to discuss a potentially relevant listing. *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) (noting that *post hoc* rationalization on appeal will not remedy error). Second, as discussed above, the ALJ is required to evaluate all of the claimant's severe impairments at step three. His failure to do so was error.

Next, I must consider whether the remainder of the ALJ's decision establishes that the failure to analyze the evidence at step three was harmless error. *Fischer-Ross*, 431 F.3d at 733–34 (10th Cir. 2005). A legal error is harmless "when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Id.* at 734.

However, the error is reversible if there is no other finding in the opinion that "conclusively negate[s] the possibility of any finding that [the] [c]laimant is presumptively disabled under the pertinent listing." *Id.* at 735. In other words, if the ALJ's RFC findings in this case can "conclusively negate the possibility" that M.A.K. is disabled at step three, then the ALJ's failure to consider whether his COPD met related listings is harmless error.

Here, although the ALJ briefly mentioned M.A.K.'s complaints regarding COPD when analyzing M.A.K.'s RFC (AR 25–26), the ALJ failed to address the effect this impairment may have on M.A.K.'s RFC given that the ALJ found this impairment to be severe. Therefore, I cannot conclude the "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Fischer-Ross*, 431 F.3d at 734; *see also Lee v. Colvin*, No. 12-cv-0790-HE, 2013 WL 2449818, at *5 (W.D. Okla. June 5, 2013) (noting that "in the face of his silence, the Court cannot know whether the ALJ thoughtfully considered" the plaintiff's impairments "on his ability to work or whether he simply ignored" the appropriate legal standards). The Commissioner's failure to analyze M.A.K.'s COPD at step three was not harmless.

**C.      Whether Remand for Further Proceedings Is Appropriate**

Next, I must determine whether to remand for further proceedings or for an immediate award of benefits. M.A.K. argues that remand for an immediate award of benefits is appropriate based on his severe impairment of COPD. ECF No. 10 at 10. Whether to remand a case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In exercising discretion, courts consider—among other factors—the length of time a matter has been pending and

whether remand for additional fact-finding would serve any useful purpose or simply delay an award of benefits. *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

Given the ALJ's failure at step three and his finding of severe impairment due to M.A.K.'s COPD, remand for further proceedings would simply delay an award of benefits. Two separate considerations by the ALJ and one by the Appeals Council are more than sufficient. The ALJ has already determined M.A.K. has multiple severe impairments, and the record supports a finding of disability. Five years and five months have transpired from the date of M.A.K.'s application. During this time, his condition has not improved, nor has the law changed. Thus, additional fact-finding would not serve any useful purpose. Accordingly, this matter is remanded for an immediate award of benefits.

**D.      Remaining Arguments**

Finally, M.A.K. raised additional arguments pertaining to the ALJ's failure to properly evaluate his medical impairments and to resolve conflicts in the evidence. There is no need to address these issues because I have already found the ALJ's disability analysis is defective. *See, e.g.*, *Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (noting that "[t]he ALJ's failure to develop the record affected the disability analysis as a whole" and therefore declining to address other issues raised on appeal). Further delay would neither be fair nor just.

## IV.      CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT:

1.   The Commissioner's final decision is REVERSED.

2.   This case is REMANDED to the Commissioner for an award of full benefits.

3.  Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and
    D.C.Colo.LCivR 54.1.


DATED this 10th day of November, 2022.



_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE